UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA

VERSUS                                                    CRIMINAL ACTION

HANNIBAL X. BROWN                              NUMBER 02-111-BAJ-SCR

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 27, 2013.

                                                     STEPHEN C. RIEDLINGER
                                                     UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                                CRIMINAL ACTION

HANNIBAL X. BROWN                                     NUMBER 02-111-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court on the Motion to Modify, Correct or Amend Sentence Pursuant to "Descamps v. United States 135 S. Ct. 2276 (2013)" (sic) fled by petitioner Hannibal X. Brown.  Relying on *Descamps v. United States*, ____ U.S. ____, 133 S.Ct. 2276 (2013), and *Alleyne v. United States*, ____ U.S. ____, 133 S.Ct. 2151 (2013),[1] the petitioner challenged the constitutionality of his sentence as an Armed Career Criminal under 18 U.S.C. § 924(e) and sought a recalculated or reduced sentence.

### Background

Petitioner previously filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[2]  In that petition he challenged his sentence as an Armed

---

[1] These decisions were issued June 20 and 13, 2013, respectively.  Petitioner's motion would be timely under 28 U.S.C. § 2255(f)(3) if these decisions are given retroactive effect to cases on collateral review.

[2] Record document number 67.

Career Criminal.  His petition was denied on the merits.[3] Petitioner filed a Notice of Appeal.[4]  The district judge treated the Notice of Appeal as a request for a Certificate of Appealibility ("COA") pursuant to 28 U.S.C. § 2253(c), and denied a COA.[5]  The Fifth Circuit Court of Appeals likewise denied a COA.[6] The appellate court found that the petitioner had not made "a substantial showing of the denial of a constitutional right," which is required to obtain a COA.  28 U.S.C. § 2253(c)(2).[7]

**Analysis**

Petitioner's motion is functionally another application for habeas corpus relief under § 2255, and is a successive application as described by 28 U.S.C. § 2244.  Because the petitioner is relying on new Supreme Court decisions, before his motion can be considered on the merits by this court, the petitioner must obtain authorization to file this successive application from the United States Court of Appeals for the Fifth Circuit by making a prima

---

[3] Record document numbers75.

[4] Record document number 78.

[5] Record document number 79.

[6] Record document number 89.

[7] The court also determined that his "contention[] that he was erroneously sentenced as an armed career criminal ... [is] not cognizable in a § 2255 proceeding," citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).  *Id.* at 3 (Order, p. 6).

facie showing of the requirements of 28 U.S.C. § 2244(b)(2)(A)[8] to that court, as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this court is without jurisdiction to proceed.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's Motion to Modify, Correct or Amend Sentence Pursuant to "Descamps v. United States 135 S. Ct. 2276 (2013)" (sic) be: (1) treated as a successive application for habeas corpus relief under 28 U.S.C. § 2244(b); (2) construed in part as a motion for authorization for the district court to consider the claim raised herein; and, (3) transferred to the United States Court of Appeals for the Fifth Circuit, under the authority of 28 U.S.C. § 1631, for that court to determine whether the petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus application

---

[8] This subsection provides as follows:
   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable;
   The Tenth Circuit Court of Appeals has held that *Alleyne* does not apply retroactively to cases on collateral review. *In re Payne*, ___ F.3d ___, 2013 WL 5200425 (10th Cir. Sept. 17, 2013); see also *United States v. Redd*, ___ F.3d ___, 2013 WL 5911428 (2nd Cir. Nov. 5, 2013); *Reed v United States*, ___ F.3d ___, 2013 WL 5567703 (M.D.Fla. Oct. 9. 2013)(noting that Supreme Court has not declared either *Allyene* or *Descamps* retroactive to cases on collateral review and dismissing successive habeas corpus application).

3

in this district court.[9]

    Baton Rouge, Louisiana, November 27, 2013.

                                       STEPHEN C. RIEDLINGER
                                       UNITED STATES MAGISTRATE JUDGE

---

[9] See *In re: Tony Epps*, 127 F.3d 364 (Fifth Cir. 1997).

4